Ricardo HERNANDEZ–
VIVAS, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 92–70605.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 1994 *.

Decided May 11, 1994.

---

* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

Anne Pilsbury, Central American Legal Assistance, Brooklyn, NY, for petitioner.

Stuart M. Gerson, David J. Kline, David V. Bernal, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: BRIGHT **, WIGGINS, and T.G. NELSON, Circuit Judges.

Opinion by Judge WIGGINS;
Concurrence by Senior Circuit Judge BRIGHT.

WIGGINS, Circuit Judge:

Ricardo Hernandez–Vivas ("Hernandez") petitions for review of an order from the Board of Immigration Appeals (BIA). Hernandez seeks to reopen his deportation proceedings so that he may apply for asylum and withholding of deportation. At a deportation hearing held in absentia, an immigration judge (IJ) found that Hernandez was deportable. Later, the IJ denied Hernandez's motion to reopen on the ground that Hernandez failed to explain his absence at the deportation hearing.

The BIA dismissed the appeal, finding that Hernandez did not establish reasonable cause for his failure to appear. The BIA

reasoned that, while Hernandez filed a motion to change venue, he was still required to appear because his motion had not been granted prior to the hearing date. Hernandez appeals. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition.

## I.

Hernandez is a 45–year–old native and citizen of El Salvador. He is a political activist. Hernandez asserts that his brother and two cousins were killed by death squads in 1980. His wife, son and three daughters live in El Salvador.

Hernandez entered the United States without inspection near San Ysidro, California, on October 20, 1991. He was arrested by U.S. immigration authorities and an Order to Show Cause was issued. Hernandez was charged with deportability under Section 241(a)(1)(B) of the Immigration and Naturalization Act, 8 U.S.C. § 125(a)(1)(B). A deportation hearing was scheduled for November 13, 1991, in El Centro, California. A motion to change venue to Los Angeles was filed and granted. A new deportation hearing was scheduled for December 19, 1991, before IJ Roy J. Daniel. Hernandez appeared at the December 19, 1991, hearing and requested time to seek legal counsel. The IJ adjourned the hearing until January 9, 1992, and notified Hernandez of the consequences of failure to appear at the hearing.

Hernandez then went to New York and sought legal aid. On December 30, 1991, he moved for a change of venue to New York, stating that it would be a hardship for him to return to Los Angeles. He further explained that he had obtained free legal counsel in New York and had access in New York to witnesses who could corroborate his asylum claim. In addition, he signed an affidavit conceding deportability. The motion to change venue and affidavit were sent by regular mail.

Hernandez asserts that he then waited for the immigration court to respond and sched-

** Hon. Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

ule a new hearing in New York. Hernandez did not inquire about the status of the motion. But, the IJ never received Hernandez's papers. Apparently, the papers were misplaced or misfiled by someone at the Post Office or in the immigration court. (Hernandez alleges that the envelope sent to the immigration court never came back to him in return mail.) The papers were, however, received by the INS on January 2, 1992.

The immigration judge held the January 9, 1992, hearing in absentia pursuant to Section 242(b) of the Act, 8 U.S.C. § 1252(b).[1] The immigration judge found Hernandez deportable as charged. On February 6, 1992, Hernandez filed a motion to reopen his deportation proceedings on the ground that he had a reasonable cause for his failure to appear: he had filed a timely motion to change venue. Hernandez also submitted at this time an asylum application.

On February 27, 1992, the IJ denied Hernandez's motion to reopen, finding that reopening was not warranted because Hernandez had failed to explain his absence at the January 9, 1992, hearing. The IJ stated, "In the absence of good cause (and in this case no cause [was] shown) reopening is not permitted." The IJ did not address Hernandez's explanation that the motion to change venue had been lost in the mail or in the immigration court files. Rather, the IJ simply stated, the record "fails to disclose any change of venue request until February 6, 1992."

On July 7, 1992, the BIA dismissed Hernandez's appeal. Noting that Hernandez had filed a motion to change venue prior to the scheduled hearing, the BIA held that "the fact that such a filing was made in no way obviated the respondent's obligation to attend the scheduled hearing." Hernandez filed a timely petition for review.

1. Section 242(b) of the Act provides in part, "If any alien ... without reasonable cause fails or refuses to attend or remain in attendance at [a] proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present." 8 U.S.C. § 1252(b).

## II.

### A. Does Filing a Motion to Change Venue Give an Alien Reasonable Cause Not to Appear at his Deportation Hearing?

■ When the basis of an alien's motion to reopen is that the IJ held a deportation hearing in absentia, the alien must establish "reasonable cause" for his absence. *In re Haim,* 19 I. & N. Dec. 641 (BIA 1988). If the alien has reasonable cause for failing to appear, the motion will be granted; if the alien does not, the motion will be denied. *Id.*

■ The primary issue before the court is whether having filed a timely motion to change venue establishes reasonable cause for absence at a deportation hearing. This is an issue of first impression in the Ninth Circuit. We hold that the mere filing of a motion to change venue does not establish reasonable cause.

Hernandez argues that he had reasonable cause for failing to appear at his deportation hearing because he had filed a timely motion to change venue. He stressed that while the motion had not been granted, it had also not been denied. Hernandez further argues that his failure to inquire as to the status of his motion to change venue was reasonable. He contends that, based on the following four factors, he had no reason to believe the motion would be denied. First, agency regulations and BIA case law allow for a change of venue. *See* 8 C.F.R. § 3.20; *In re Smith,* 16 I. & N. Dec. 146 (BIA 1977). Second, he had conceded deportability. Thus, the INS would not be prejudiced by holding the hearing away from the point of arrest. *See In re Rivera,* 19 I. & N. Dec. 688 (BIA 1988). Third, motions to change venue, when timely filed and accompanied by an affidavit conceding deportability, "had always been granted by Los Angeles judges." Finally, the motion to change venue was his first such motion.[2] *Cf. In re Nafi,* 19 I. & N. Dec. 430 (BIA

2. We note that one change of venue on November 8, 1991 from El Centro, California to Los Angeles had already been granted. The parties disagree about who was responsible for this first motion to change venue. Hernandez insists that it was filed automatically at the INS's instigation; the INS argues Hernandez requested the venue change.

1987) (affirming an IJ's denial of a motion to change venue from Las Vegas to New York when the alien had already been granted one motion to change venue, even though he lived and worked in New York, would face substantial hardship if required to travel to Las Vegas, and had no contacts with Las Vegas).

The INS argues that an alien who has filed a motion to change venue but has not been granted the motion prior to the scheduled hearing, must appear at the scheduled hearing. Specifically, the INS asserts, such an alien does not establish "reasonable cause" for his failure to appear because it is unreasonable to "assume that the motion to change venue will be granted." The INS further argues that it is unreasonable not to inquire prior to the scheduled hearing about the status of the motion to change venue. Had Hernandez so inquired, he could have learned that the motion had not been received and sought to cure the deficiency.

■ The denial of a motion to reopen is subject to an abuse of discretion standard. *INS v. Doherty*, —— U.S. ——, ——, 112 S.Ct. 719, 725, 116 L.Ed.2d 823 (1992). But, we review de novo the INS's construction of the definition of "reasonable cause" set forth in Section 242(b) of the Act, 8 U.S.C. § 1252(b). *See Ayala–Chavez v. INS*, 944 F.2d 638, 641 (9th Cir.1991). The INS's interpretation is, however, entitled to considerable deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984). *See Mahini v. INS*, 779 F.2d 1419, 1420 (9th Cir.1986).

In *Maldonado–Perez v. INS*, 865 F.2d 328 (D.C.Cir.1989), the D.C. Circuit held that the mere submission of a motion to change venue does not constitute reasonable cause. *Id.* at 335. The *Maldonado–Perez* court noted that an alien's obligation to attend a deportation hearing continues until the motion is granted. *Id.; accord Wijeratne v. INS*, 961 F.2d 1344, 1347 (7th Cir.1992) (finding that an alien's motion to change venue, which, apparently without the alien's knowledge, was denied four days before the scheduled hearing date, "does not excuse her failure to appear"); *see also Patel v. INS*, 803 F.2d 804, 806 (5th Cir.1986) (holding that the failure to appear

at a deportation hearing is unreasonable when a motion for continuance is still pending at the time of the hearing); *Rivera*, 19 I. & N. Dec. at 690 ("Unless the immigration judge grants a continuance, for change of venue or other reasons, the alien remains obligated to appear at the appointed time and date."). We choose to adopt the D.C. Circuit's holding.

■ In addition, we disagree with Hernandez's assertion that his failure to inquire as to the status of his motion was reasonable. Hernandez's failure to inquire was not reasonable because it is never reasonable to assume that a motion to change venue will be granted. *See Maldonado–Perez*, 865 F.2d at 335 (stating that a reasonable alien would inquire as to the status of a motion to change venue submitted prior to the hearing).

Furthermore, Hernandez's motion to change venue was flawed. Hernandez did travel to New York; it is reasonable to conclude that he is capable of returning. *See Wijeratne*, 961 F.2d at 1346–47 ("Given that [petitioner] voluntarily moved to New York from Texas shortly before her first scheduled hearing, she cannot complain that holding the hearing in Texas was too burdensome."); *Maldonado–Perez*, 865 F.2d at 333 ("Although an indigent, the petitioner was resourceful enough to travel to Washington from San Antonio. He does not explain why he could not use those same talents to return to San Antonio."). Moreover, Hernandez did not identify any of the witnesses in New York who could corroborate his asylum claim. *See id.* at 336 (upholding an IJ's decision to deny a motion to change venue, in part because petitioner failed to identify the proposed witnesses).

### B. Is Due Process Violated When an Indigent Alien Is Required to Pursue his Claim for Relief in a Remote Jurisdiction?

■ Hernandez argues that requiring indigent aliens to pursue their claims for relief in a remote jurisdiction violates due process. Specifically, Hernandez contends that imposing such a requirement denies in-

digent aliens a reasonable opportunity to present evidence in their own behalf.

The INS counters that whether due process has been violated must be determined on a case-by-case basis. The INS asserts that here the facts demonstrate that Hernandez's due process rights were not violated. Hernandez was given a reasonable opportunity to appear, *see Wijeratne*, 961 F.2d at 1346–47; *Maldonado–Perez*, 865 F.2d at 333, and he did not show reasonable cause for his absence, *id.* at 335.

An alien does have a right to due process during deportation proceedings. *Reyes–Palacios v. INS*, 836 F.2d 1154, 1155 (9th Cir. 1988). The amount of procedural protection due depends on the gravity of the interest at stake and the inconvenience to the government. *Mathews v. Eldridge*, 424 U.S. 319, 332–35, 96 S.Ct. 893, 901–03, 47 L.Ed.2d 18 (1976). While an alien's interest in pursuing his asylum claim is great, the government's interest in deporting illegal aliens must not be underestimated. *See, e.g., Wijeratne*, 961 F.2d at 1346 (noting "the strong governmental interest in preventing aliens who have entered this country illegally from avoiding deportation simply by failing to appear for their hearings"). Accordingly, we find that Hernandez's due process rights were not violated.

*C. Should Hernandez Be Excused From Having To Appear Because Civil Practice Allows for the Filing of Pleading By Mail?*

Hernandez asserts that federal civil practice allows pleadings subsequent to the complaint to be filed by mail. *See* Fed.R.Civ.P. 5. Similarly, Hernandez reasons, he should be excused from having to appear at a scheduled hearing once he has filed by mail a motion to change venue. Hernandez explains that requiring immigration attorneys and their clients to appear personally every time they want to request a change of venue would impose unreasonable costs on the parties that serve no useful purpose.

■ The INS contends that the immigration court's docket would be "seriously disrupted" if an alien were excused from having

to appear at a scheduled hearing simply because he filed by mail a motion to change venue. Rather, the burden of inquiry regarding the status of a motion to change venue must remain on the alien. Only an alien who is informed can cure a deficiency or appear at the hearing prepared to proceed.

We agree with the INS. First, the INS does not maintain that aliens must appear in person every time they want to move for a change of venue. Rather, mailing is permissible so long as the alien inquires about the status of his motion and cures any deficiencies that may arise, or appears in person if the motion is denied or is not ruled on prior to the scheduled hearing. Placing this obligation on the alien is necessary to ensure the efficient administration of the immigration courts.

### III.

■ Hernandez argues that the failure of the INS attorney present at the January 9, 1992, hearing to alert the IJ to Hernandez's motion to change venue was governmental misconduct. Hernandez asserts that the INS was aware of his motion to change venue because it had received a copy of the motion on January 2, 1992. Hernandez further contends that an INS attorney is like a government prosecutor. Consequently, an INS attorney's duty is to seek justice, not merely to deport aliens. *See United States v. Hill*, 953 F.2d 452, 458 (9th Cir.1991) (indicating that prosecutor's duty is to seek justice, not merely to convict). Thus, Hernandez argues, "at the very least the INS should have notified the [IJ] of the motion and sua sponte suggested a continuance to let [Hernandez] know the same motion was not on file with the Judge."

The INS counters that there is no evidence that the INS attorney present at the January 9, 1992, hearing was even aware of Hernandez's motion to change venue. All that is known is that a copy of the motion was placed in INS files. Thus, the INS concludes, Hernandez has failed to show any governmental misconduct.

Again, we agree with the INS. The failure of the INS attorney to alert the IJ to the

motion was not governmental misconduct. There is no evidence that the INS attorney was aware of Hernandez's motion. *United States v. Dipp,* 581 F.2d 1323, 1327 (9th Cir.1978) (finding no governmental misconduct because "[t]here [was] no evidence that the prosecutor knew of the tape's existence and intentionally withheld it"), *cert. denied,* 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979).

## CONCLUSION

For the foregoing reasons, we deny the petition for review. Hernandez did not demonstrate reasonable cause for his failure to appear at his deportation hearing held January 9, 1992. Therefore, the BIA did not abuse its discretion by affirming the IJ's denial of Hernandez's motion to reopen.

PETITION DENIED.

BRIGHT, Senior Circuit Judge, concurring separately.

I concur in the result.

I do not agree, however, that the motion to change venue was flawed, as stated on page 1560 of this court's opinion.

Nevertheless, after mailing the motion to the immigration judge, petitioner or counsel still retained the obligation to follow up on the motion to make sure that the motion had been received and filed and would be acted upon by the immigration judge prior to the scheduled hearing on deportation. Because petitioner or counsel failed to follow up on the motion before the hearing, I agree that the BIA did not err in affirming the IJ's denial of Hernandez's motion to reopen.