60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sultan Mohammad Daud ROADWALL, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70756.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1995.
Decided July 5, 1995.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, INS No. Ars-kej-euu.
 BIA
 PETITION GRANTED.
 Before: WALLACE, Chief Judge, HUG and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Sultan Mohammad Daud Roadwall petitions this Court to review the decision of the Board of Immigration Appeals, which dismissed his appeal of the Immigration Judge's finding that he was deportable as an alien convicted of a crime involving moral turpitude. We have jurisdiction over this matter pursuant to 8 U.S.C. Sec. 1105a(a). We grant the petition for review and instruct the BIA to remand the matter to the IJ for further proceedings on Roadwall's request for discretionary relief.
 
 
 3
 Roadwall is a native and citizen of Afghanistan who entered the United States as a refugee in 1981. He received an adjustment of status to lawful permanent resident in 1983. In 1986, he was convicted of sexual battery and sentenced to two years imprisonment. The INS issued an Order to Show Cause on December 27, 1987, charging him with being deportable as an alien convicted of a crime involving moral turpitude within five years after entry. See 8 U.S.C. Sec. 1251(a)(4). Roadwall petitioned for (1) Waiver of Deportation, (2) Suspension of Deportation, (3) Political Asylum, (4) Withholding of Deportation, and (5) Voluntary Departure in the Alternative.
 
 
 4
 Although he had been present for three prior hearings before the IJ, Roadwall failed timely to appear for a continuation of his deportation proceedings scheduled for January 26, 1989, at 8:30 a.m. His counsel was present at the hearing, but could offer no explanation for her client's absence other than to suggest that he might have had car trouble. The IJ determined that Roadwall had not contacted the court, nor was he present outside the courtroom. At 8:55 a.m., the IJ ordered Roadwall deported, concluding that he had abandoned all applications for relief by his failure to appear.
 
 
 5
 Roadwall arrived at the courthouse shortly after 10:00 a.m., claiming that he had in fact experienced car trouble, had taken a taxi to the courthouse, and had been unable to reach his attorney's office when he called her. The IJ denied Roadwall's verbal motion to reopen, which was made by his attorney that same morning.
 
 
 6
 Roadwall's attorney submitted a written motion to reopen later that day. The motion was supported by affidavits from Roadwall, his sister (who had been driving Roadwall to the courthouse when her car broke down), and his attorney. The affidavit of Roadwall's attorney indicated that the telephone at her office has not been working properly and would have prevented Roadwall from reaching her office by phone. Roadwall also submitted a receipt for auto repair, a taxi receipt, and a note from the telephone repairman, all dated January 26, 1989.
 
 
 7
 The IJ denied Roadwall's written motion to reopen and Roadwall appealed. The BIA concluded that, on the record before the IJ at the time she rendered her decision (i.e., before Roadwall had reached the courthouse), the IJ properly found that Roadwall had not demonstrated reasonable cause for his absence.
 
 
 8
 The BIA, however, treated Roadwall's motion to reopen as a motion to remand. The BIA may remand for a hearing to allow a respondent to attempt to establish reasonable cause for his failure to appear for a hearing, but only if the explanation and supporting material considered on appeal, if left uncontroverted, would meet the criteria for a motion to reopen. The requirements for a motion to remand are essentially the same as those for a motion to reopen. Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987). When the basis for a motion to reopen is that the IJ held a hearing in absentia, the petitioner must establish that he had reasonable cause for his absence from the proceedings. Matter of Haim, Interim Decision 3060 (BIA1988). If the petitioner had reasonable cause for failing to appear, the motion will be granted. Matter of Ruiz, Interim Decision 3116 (BIA1989).
 
 
 9
 The BIA concluded that the evidence proffered by Roadwall, even if left uncontroverted, did not establish reasonable cause for his absence. The Board emphasized that Roadwall had allowed himself only 30 minutes to reach the courthouse, which it concluded was insufficient to reasonably ensure his appearance. Thus, under these circumstances, the mechanical breakdown was not reasonable cause.
 
 
 10
 The denial of a motion to reopen (which, as is noted above, is treated the same as a motion to remand) is subject to an abuse of discretion standard. Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir.1994). However, we review de novo the INS's construction of the definition of "reasonable cause" set forth in 8 U.S.C. Sec. 1252(b). Id. But, in conducting this de novo review, we accord considerable deference to the INS's interpretation. Id. (citing Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984)). Nevertheless, even according the required deference, we conclude that the BIA abused its discretion in dismissing Roadwall's appeal.
 
 
 11
 The Board's conclusion that 30 minutes was inadequate for Roadwall to ensure his appearance at the hearing is mere conjecture. As Roadwall argues before us, the BIA was unaware if he lived sufficiently close to the courthouse to ensure his presence at the hearing in significantly less time than 30 minutes. Although we make no finding on this point, we believe that the BIA's conclusion that 30 minutes was inadequate travel time was unsubstantiated and therefore arbitrary.
 
 
 12
 Roadwall provided substantiated evidence of a mechanical breakdown of his car, which would indicate that he in fact had reasonable cause for his failure timely to appear for his hearing. Given the severity of the sanction the Government seeks to impose in this case, and the considerable evidence Roadwall has proffered to support his position, we conclude that this matter should be remanded to the IJ for further deportation proceedings. Accordingly, Roadwall's petition is
 
 
 13
 GRANTED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R.36-3