65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nirpal SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70687.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nirpal Singh entered the United States without inspection, and was subsequently denied asylum. He was ordered to show cause why he should not be deported. A hearing date was set, but then rescheduled. Although Singh received notice of his original hearing date, apparently only his attorney received notice of the rescheduled hearing date. At the hearing, Singh's attorney appeared alone and conceded his client's deportability. The attorney did not renew Singh's request for asylum at the hearing.
 
 
 3
 The immigration judge (IJ) entered an order of deportation in absentia. See 8 U.S.C. Sec. 1252b(c)(1). Singh did not appeal that order. He did, however, move to reopen the deportation proceedings, asserting that he had reasonable cause for missing his hearing, and that he was prima facie eligible for asylum. See Matter of Haim, 19 I & N Dec 641 (BIA1988); 8 U.S.C. Sec. 1252(b). The IJ denied his motion and the Board of Immigration Appeals (BIA) affirmed. Singh has retained new counsel and petitions this court for review.
 
 I.
 
 4
 We review BIA's decision affirming the IJ's denial of the motion to reopen for abuse of discretion. See Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir.1994). Singh is entitled to have the deportation proceedings reopened if his failure to appear was due to "exceptional circumstances," he failed to receive notice of the hearing, or because he was in custody. 8 U.S.C. Sec. 1252b(c)(3). In his appeal to BIA, Singh did not challenge the notice of the hearing and did not claim that he was in custody. Rather, Singh claimed "exceptional circumstances" on the ground that he was ill. He offered a note from his physician stating that he was under a doctor's care and unable to work. BIA concluded that Singh did not establish exceptional circumstances, because the note did not necessarily indicate his inability to attend his hearing, and it did not specifically address the state of his health on the date of his hearing. We cannot say that BIA's conclusion is arbitrary, irrational, or contrary to law.
 
 II.
 
 5
 Singh contends for the first time that he had ineffective assistance of counsel in his proceedings before the IJ. We do not have jurisdiction to consider this claim. See Liu v. Waters, 55 F.3d 421, 424-26 (9th Cir.1995) (alien must exhaust administrative remedies by presenting ineffective assistance of counsel claim to BIA); Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (appellate court lacks jurisdiction to consider issues not raised before agency).
 
 
 6
 We also lack jurisdiction to consider the merits of Singh's request for asylum. See 8 U.S.C. Sec. 1252b(c)(4) (when reviewing order entered in absentia, jurisdiction is "confined to the issues of validity of the notice provided to the alien, to the reasons for the alien's not attending the proceeding, and to whether or not clear, convincing, and unequivocal evidence of deportation has been established.").
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3