91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lot Aner FONSECA-MOLINA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70633.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lot Aner Fonseca-Molina, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen in absentia deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition.
 
 
 3
 Fonseca-Molina contends that the BIA abused its discretion by denying his motion to reopen because he established "reasonable cause" for his failure to appear at his deportation hearing. This contention has merit.
 
 
 4
 We review the denial of a motion to reopen for abuse of discretion. Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir.1994).
 
 
 5
 Section 242(b) of the Immigration and Nationality Act ("INA") provides that if a petitioner "has been given a reasonable opportunity to be present" at his deportation hearing and "without reasonable cause fails ... to attend," the Immigration Judge may proceed in absentia. See 8 U.S.C. § 1252(b). In order to reopen the deportation proceeding, the petitioner must establish "reasonable cause" for his absence. See Hernandez-Vivas, 23 F.3d at 1559.
 
 
 6
 Here, Fonseca-Molina submitted an affidavit stating that he was unable to appear at his deportation hearing because his automobile had engine trouble and he was stranded on the freeway. Because Fonseca-Molina established "reasonable cause" for his absence, we conclude that the BIA abused its discretion in denying his motion to reopen. See id. at 1562. The sole relief sought on remand is voluntary departure pursuant to section 244(e) of the INA, 8 U.S.C. § 1254(e). We remand to the BIA with instructions to consider Fonseca-Molina's application for voluntary departure.
 
 
 7
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3