91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodante Pasamic SABALLA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70016.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodante Pasamic Saballa, a native and citizen of the Philippines, petitions pro se for review of the decision of the Board of Immigration Appeals, dismissing his appeal of the immigration judge's denial of his motion to reopen deportation proceedings. The immigration judge entered an order of deportation in absentia when Saballa failed to appear at the scheduled hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we grant the petition for review.
 
 
 3
 Saballa contends that the immigration judge erred in issuing an order of deportation in absentia because although he was personally served with an Order to Show Cause, he failed to receive notice of the deportation hearing as required by section 242B of the Immigration and Nationality Act, 8 U.S.C. § 1252b(a)(2). As the BIA indicated in its decision, notice of the deportation hearing was sent to Saballa by certified mail to his last known address. The hearing notice was returned to the Office of the Immigration Judge with an indication that delivery was "attempted." The BIA concluded that Saballa failed to report a change of address to the immigration court, and therefore no written notice was required. Saballa contends that although he had moved to Van Nuys a week before service of the hearing notice, he continued to receive mail at the San Diego address of his brother-in-law, which he had provided to the immigration court.
 
 
 4
 We review de novo the BIA's "determination of purely legal questions regarding the requirements of the Immigration and Nationality Act." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). However, the "denial of a motion to reopen is subject to an abuse of discretion standard." Hernandez-Vivas v. INS, 23 F.3d 1557, 1561 (9th Cir.1994) (citation omitted). Moreover, we will defer to the BIA's interpretation of the Act when appropriate under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). See Ghaly, 58 F.3d at 1429. Section 242B of the Act (8 U.S.C. § 1252b(a)(2)(A)) provides in relevant part, that "written notice [of deportation proceedings under the section] shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien"). In addition, 8 C.F.R. § 3.26 (1993) provided that an immigration judge should conduct an in absentia hearing where the judge was satisfied that notice of the proceeding was provided at a prior hearing or "by written notice to the respondent ... at the most recent address contained in the Record of Proceeding."
 
 
 5
 Although the BIA concluded that the notice requirements of section 242B were waived by Saballa's failure to provide a current address, this is contradicted by Saballa's assertion that the address he had provided was a valid mailing address. Moreover, Saballa later received notice of the deportation order at that address. We conclude that the BIA erred in concluding that Saballa did not provide his current address with the immigration court.
 
 
 6
 The BIA recently concluded that in order to establish a strong presumption of effective service, "certified mail of such notice of deportation proceedings which is sent to the respondent's last address is sufficient and that proof of actual service or receipt of the notice by the respondent is not required." In re Grijalva, Int.Dec. 3246 (BIA Apr. 28, 1995). We consider this to be a reasonable construction of the statutory language, and from the record the immigration court mailing appears sufficient to have established a presumption of effective service.
 
 
 7
 What is not clear from the record, however, is the question of whether Saballa overcame the presumption of effective service by the affirmative defense of nondelivery by the Postal Service. We note with approval that the BIA has indicated that such a defense must be established by substantial evidence "such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence" demonstrating improper delivery that was not the respondent's fault. Id. Saballa appears to have submitted third party affidavits to support his contention that he never received proper mail delivery of the notice of hearing. Because the immigration judge and the BIA concluded that Saballa had failed to provide a current address, they never considered whether service had been effective pursuant to section 242B, and whether Saballa had established a defense of nondelivery.
 
 
 8
 Accordingly, we remand to the BIA with instructions to remand for further proceedings before the immigration judge.
 
 
 9
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3