94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ayad HANNA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70540.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ayad Hanna, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings after the BIA dismissed his appeal from an immigration judge's ("IJ") decision finding him deportable as charged after a hearing held in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for abuse of discretion the denial of a motion to reopen. INS v. Doherty, 502 U.S. 314, 324 (1992).
 
 
 4
 In Caruncho v. INS, 68 F.3d 356, 360-61 (9th Cir.1995), we stated:
 
 
 5
 The law is well settled that the BIA may deny a motion to reopen for any one of at least three reasons: "failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought."
 
 
 6
 Caruncho, 68 F.3d at 360-61 (quoting Doherty, 502 U.S. at 323).
 
 
 7
 Here, Hanna's motion to reopen failed to establish a prima facie case for relief and he also failed to present any new evidence. His motion simply reiterates the same arguments he made to the BIA in his appeal. See id. at 361.[1]
 
 
 8
 Even if Hanna established a prima facie case for relief and submitted new evidence, the BIA did not abuse its discretion by determining that Hanna failed to show reasonable cause for failing to appear at his hearing.[2] See Hernandez-Vivas v. INS, 23 F.3d 1557, 1559 (9th Cir.1994). Hanna's contention that he did not have proper notice of his hearing date because there was no interpreter available to translate the correct hearing date to him lacks merit. The record clearly shows that at his initial hearing before the IJ, Hanna was asked if he needed a translator. Hanna stated that he understood English and did not need a translator. Furthermore, throughout Hanna's numerous hearings before the IJ, he responded to the IJ's questions and failed to state that he had difficulty with the English language. Accordingly, Hanna failed to show that he had reasonable cause not to appear at his April 8, 1991 hearing. Id.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Hanna relies on an asylum application filed by his deceased father to establish a prima facie case for asylum, this contention lacks merit. Hanna failed to present any reasons why he failed to present this evidence to the IJ. See id. at 360-61
 
 
 [2]
 Section 242B of the Immigration and Nationality Act provides that an order of deportation entered in absentia may be rescinded only if the petitioner demonstrates that he or she failed to appear because of exceptional circumstances. Section 242B is not applicable to this case because the notice of hearing was provided prior to June 13, 1992. See Sharma v. INS, No. 95-70385, slip op. 8527, 8531 n. 2 (9th Cir. July 16, 1996)