98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nanette MILLAN, a.k.a. Nanette Santos Samson, Nanette Duhan
Santos, Nanette Wong, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70017.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Petition to Review a Decision of the Board of Immigration Appeals, No. Alq-ycv-kss.
 B.I.A.
 REVIEW DENIED.
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nanette Millan, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of her motion to reopen deportation proceedings in order to apply for suspension of deportation pursuant to 8 U.S.C. § 1254(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the denial of a motion to reopen for abuse of discretion. Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir.1994).
 
 
 4
 Millan contends that the BIA abused its discretion by affirming the immigration judge's denial of Millan's motion to reopen because she has established prima facie eligibility for suspension of deportation. This contention lacks merit.
 
 
 5
 Section 242(b) of the Immigration and Nationality Act provides that, if a petitioner "has been given a reasonable opportunity to be present" at her deportation hearing and "without reasonable cause fails ... to attend," the Immigration Judge may proceed in absentia. See 8 U.S.C. § 1252(b). In order to reopen the deportation proceeding, the petitioner must establish "reasonable cause" for his absence. See Hernandez-Vivas, 23 F.3d at 1559.
 
 
 6
 Here, Millan does not offer any explanation for her failure to appear at her 1987 deportation hearing. Because she has not established "reasonable cause" for her absence, the BIA did not abuse its discretion by affirming the IJ's denial of her motion to reopen. Id.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3