108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cecilia Alaisa GALANG, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70035.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 1
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Cecilia A. Galang, a native and citizen of the Phillippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), dismissing her appeal of the immigration judge's ("IJ") denial of Galang's motion to reopen deportation proceedings. The immigration judge entered an order of deportation in absentia when Galang failed to appear at a scheduled hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 4
 Galang contends that the IJ erred by issuing an order of deportation in absentia because Galang failed to receive notice of her deportation hearing as required under section 242B of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1252b(a)(2). As the BIA indicated in its decision, notice of the deportation hearing was sent by certified mail to Galang at her last known address. The hearing notice was returned to the Office of the Immigration Judge with an indication that delivery was attempted on three occasions but that the notice went unclaimed. The BIA concluded that because Galang failed to provide an address where she could receive mail in a regular and timely manner, the fault for nondelivery lay with her.
 
 
 5
 We review de novo the BIA's "determination of purely legal questions regarding the requirements of the Immigration and Nationality Act." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). However, "the denial of a motion to reopen is subject to an abuse of discretion standard." Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir.1994). Moreover, we will defer to the BIA's interpretation of the INA when appropriate under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984). See Ghaly, 58 F.3d at 1429.
 
 
 6
 Section 1252b(a)(2)(A) provides in relevant part that "written notice [of deportation proceedings under the section] shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien"). 8 U.S.C. § 1252b(a)(2)(A). Any alien who fails to attend a proceeding after notice is given in accordance with section 1252b(a)(2), shall be deported in absentia if the INS establishes by clear, unequivocal and convincing evidence that the written notice was so provided and that the alien is deportable. 8 U.S.C. § 1252b(c)(1); see also 8 C.F.R. § 3.26(b). Under the relevant regulations, "[w]ritten notice to the respondent at the most recent address contained in the Record of Proceeding shall be considered sufficient for purposes of [section 1252b(c) ]." 8 C.F.R. § 3.26(c).
 
 
 7
 The BIA recently concluded that in order to establish a strong presumption of effective service, "certified mail of such notice of deportation proceedings which is sent to the respondent's last address is sufficient and that proof of actual service or receipt of the notice by the respondent is not required." Matter of Grijalva, Int.Dec. 3246 (BIA 1995). We consider this to be a reasonable construction of the statutory language, see Chevron, U.S.A., Inc., 467 U.S. at 843-45, and from the record the immigration court mailing appears sufficient to have established a presumption of effective service. Because the record is devoid of any evidence overcoming this presumption, we conclude that the INS provided notice in compliance with the statute, and that the BIA did not err by dismissing Galang's appeal.
 
 
 8
 Galang also raises an issue in her petition that she did not raise before the BIA. Galang contends that there is no evidence in the record establishing that the INS properly provided her with notice of the Order to Show Cause. It is well-settled that we lack jurisdiction to consider issues not raised before the BIA absent an overriding justification. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). Although an exception to the exhaustion requirement has been carved out for constitutional challenges to the INA and INS procedures, see, e.g., El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 746-48 (9th Cir.1991), Galang's challenge amounts to the sort of procedural error that the BIA could have corrected had she raised it, see Rashtabadi, 23 F.3d at 1567. Accordingly, we dismiss that portion of Galang's petition for review. See id.
 
 
 9
 PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3