124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vilma COLON-FARFAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 29, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vilma Colon-Farfan, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of her motion to reopen deportation proceedings in order to apply for suspension of deportation pursuant to 8 U.S.C. § 1254(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the denial of a motion to reopen for abuse of discretion. Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir.1994).
 
 
 4
 Colon-Farfan contends that the BIA abused its discretion by affirming the immigration judge's denial of Colon-Farfan's motion to reopen because she demonstrated prima facie eligibility for suspension of deportation. This contention lacks merit.
 
 
 5
 Section 242B(e)(2)(A) of the Immigration and Nationality Act provides that any alien who is allowed to depart voluntarily and who remains in the United States after the scheduled date of departure, shall not be eligible for certain forms of relief, including suspension of deportation. See 8 U.S.C. § 1252b(e)(2)(A), (e)(5).
 
 
 6
 Here, because the record reflects that Colon-Farfan overstayed her June 25, 1996 voluntary departure date and she has made no attempt to demonstrate exceptional circumstances for her failure to depart, she was not statutorily eligible for suspension of deportation. See id. Accordingly, the BIA did not abuse its discretion by affirming the IJ's denial of her motion to reopen. See Hernandez-Vivas, 23 F.3d at 1560.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3