**Enkhdalai DARAMJAV; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72878.
Agency Nos. A75–613–751, A75–613–752, A75–613–753, A75–613–754, A75–613–755.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Oct. 14, 2003.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Enkhdalai Daramjav and his dependent derivatives assert that the BIA erred in denying their motion to reconsider the BIA's prior decision denying their motion to reopen removal proceedings because, they argued, (1) exceptional circumstances excused their failure to appear at the scheduled hearing before the IJ, and (2) the BIA and IJ violated their right to due process by failing to adequately consider their motion to change venue. We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252. We deny the petition for review.

An *in absentia* order of removal may be rescinded by motion "if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). The BIA's finding that Petitioners failed to establish "exceptional circumstances" is a factual finding that, under the abuse of discretion standard of review, "must stand unless the record *compels* reversal." *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir.2002) (emphasis in original). In determining whether "exceptional circumstances" exist, the BIA and IJ must examine the totality of the circumstances. *Id.;* *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). The totality of the circumstances in the present case include the following facts: (1) Petitioners voluntarily moved to Arkansas while their case was pending in California; (2) they assumed that their last-minute motion for change of venue would be granted; and (3) financial hardship. The IJ ruled that these facts do not constitute exceptional circumstances as defined by the statute. The record does not *compel* a contrary conclusion. *See Hernandez–Vivas v. INS*, 23 F.3d 1557,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1559 (9th Cir.1994) (holding that the mere filing of a motion to change venue does not excuse an alien's failure to appear, and finding the alien's assertion that it would be a hardship for him to travel from New York to California for his scheduled hearing insufficient to excuse the failure to appear).

Petitioners' due process rights were not violated by the IJ's or the BIA's decisions.

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.