**XIAOFENG YANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76072.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2006.*

Filed Aug. 11, 2006.

Xiaofeng Yang, Alhambra, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, REINHARDT and HAWKINS, Circuit Judges.

MEMORANDUM **

We have reviewed the response to the court's April 14, 2006 order to show cause,

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

and we conclude that petitioner has failed to show cause why the petition for review should not be summarily denied. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 U.S.C. § 1229a(e)(1). Orders of removal entered against an alien *in abstentia* will only be rescinded upon a timely motion which "demonstrates that the failure to appear was because of exceptional circumstances...." 8 U.S.C. § 1229a(b)(5)(C)(i). The statute defines "exceptional circumstances" as events such as serious illness of the alien or a close relative, "but not including less compelling circumstances." 8 U.S.C. § 1229a(e)(1).

Petitioner's motion to reopen before the Board of Immigration Appeals ("BIA") indicated that petitioner's *in abstentia* removal order was the result of a misunderstanding between petitioner and an attorney in Louisiana concerning the nature of assistance the attorney could provide for petitioner's removal proceedings in California. In light of this showing, the BIA did not abuse its discretion when it concluded that these were not "exceptional circumstances" and consequently denied petitioner's motion to reopen. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (stating that court must uphold BIA decisions regarding motions to reopen under abuse of discretion standard unless BIA "acted arbitrarily, irrationally, or contrary to law"); *Hernandez–Vivas v. INS*, 23 F.3d 1557 (9th Cir.1994). Accordingly, we deny this petition for review.

**PETITION FOR REVIEW DENIED.**