MEMORANDUM **
This is a petition for review of the Board of Immigration Appeals’ (“BIA”) order denying petitioner’s July 26, 2007 motion to reopen his December 11, 1990 deportation hearing, which was held in absentia.
We review the denial of a motion to reopen for abuse of discretion. Hernandez-Vivas v. INS, 23 F.3d 1557, 1559 (9th Cir.1994). We review de novo the agency’s construction of the definition of “reasonable cause,” but that interpretation is entitled to considerable deference. Id.
A review of the record does not support a claim that the BIA abused its discretion *520 by denying petitioner’s motion to reopen for failure to establish reasonable cause for his absence from the December 11, 1990 deportation hearing. At two prior appearances before the Immigration Judge (“IJ”), petitioner was warned that he must return for the next scheduled hearing, with or without an attorney. Based on the advice of a notario, petitioner did not attend the December 11,1990 hearing, which resulted in the entry of an in. absentia deportation order.
Given the IJ’s warnings, it appears unreasonable for petitioner to rely on the advice of a notario. In these circumstances, the BIA could conclude that petitioner did not establish “reasonable cause” for his failure to appear, and did not abuse its discretion by denying the motion to reopen. Accordingly, respondent’s motion for summary disposition is granted because petitioner has failed to raise a substantial issue to warrant further argument. See United States v. Hooton, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).
All other pending motions are denied as moot. The temporary stay of deportation confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.
PETITION FOR REVIEW DENIED.

 This disposition is riot appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.