**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORNA M. RESULTAY, | No. 10-72894 |
| Petitioner, | Agency No. A071-782-793 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Lorna M. Resultay, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") order denying her motion to reopen deportation

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Resultay's motion to reopen on the ground that she failed to establish reasonable cause for her absence at her deportation hearing where the record shows the calendar was set in her presence and she does not dispute that both she and her counsel were personally served notice of the hearing. *See* 8 U.S.C. § 1252(b) (1991) (repealed) (petitioner must establish "reasonable cause" for failure to appear); *Hernandez-Vivas v. INS,* 23 F.3d 1557, 1559-60 (9th Cir. 1994) (no reasonable cause for absence where petitioner was aware new hearing date was scheduled but failed to appear).

Resultay's contention that the IJ should have construed her motion to reopen more permissively is unpersuasive.

**PETITION FOR REVIEW DENIED.**