**NOT FOR PUBLICATION**

OCT 20 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD IDOWU SOFOWORA, AKA Edward Idowu Sofowara,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72424<br><br>Agency No. A027-230-790<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:    LEAVY, GOULD, and BERZON, Circuit Judges.

Edward Idowu Sofowora, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen deportation proceedings held in absentia. We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Accordingly, we deny Sofowora's request for oral argument.

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and we review de novo due process claims and questions of law. *Hernandez-Vivas v. INS*, 23 F.3d 1557, 1560 (9th Cir. 1994). We deny the petition for review.

The BIA applied the correct legal standard and did not abuse its discretion in denying Sofowora's motion to reopen on the grounds that he was given a reasonable opportunity to appear and failed to establish reasonable cause for his absence at his deportation hearing. *See* 8 U.S.C. § 1252(b) (1989) (alien may be deported in absentia if the alien had been given a reasonable opportunity to be present, and without reasonable cause, failed to attend the proceedings). The record shows the next hearing was scheduled in Sofowora's presence, and he was no longer represented by the attorney he alleges provided ineffective assistance and had retained new counsel. *See Hernandez-Vivas*, 23 F.3d at 1559-60 (no reasonable cause for absence where petitioner was aware of next hearing date but failed to appear). It follows that Sofowora's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

We deny Sofowora's motion to appoint counsel.

**PETITION FOR REVIEW DENIED.**