**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMANJEET KAUR,

                    Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney
General,

                    Respondent.

No.    16-72197

Agency No. A206-456-018

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Ramanjeet Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to remand

following an immigration judge's ("IJ") decision ordering her removed in absentia.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the denial of a motion to remand, and review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Kaur's motion to remand for failure to establish exceptional circumstances, where the IJ had denied her motions to change venue. *See* 8 C.F.R. § 1003.23(b)(4)(ii); 8 U.S.C. § 1229a(e)(1); *Hernandez-Vivas v. INS,* 23 F.3d 1557, 1559 (9th Cir. 1994) (the mere filing of a request to change venue does not absolve petitioner of her obligation to appear for the scheduled hearing).

There is no error in denying Kaur's contentions that the agency violated due process in her underlying removal proceedings. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**