**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OFELIA ROSAS-HERNANDEZ, AKA Maritza Lopez Rodriguez, AKA Maritza Pacheco, AKA Maritza Rodriguez, AKA Maritza Rodriguez Lopez, AKA Ofelia Rosas Hernandez, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No.    16-73111 <br><br> Agency No. A071-908-353 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Ofelia Rosas-Hernandez, a native and citizen of Honduras, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's ("IJ") order denying her motion to reopen deportation proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and we review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Rosas-Hernandez's motion to reopen to rescind her in absentia deportation order where she failed to establish reasonable cause for her absence at her deportation hearing. *See* 8 U.S.C. § 1252(b) (1990) (permitting in absentia proceedings when an "alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding"). The record shows that Rosas-Hernandez was personally served with a bond out notice on September 27, 1991, which listed an inaccurate and incomplete mailing address; informed her that her hearing notice would be sent to the address listed; and included notice of her obligation to inform the government and the immigration court of any address correction or address change. *See Hernandez-Vivas v. INS*, 23 F.3d 1557, 1559 (9th Cir. 1994) ("When the basis of an alien's motion to reopen is that the IJ held a deportation hearing in absentia, the alien must establish 'reasonable cause' for his absence."); *Flores-*

*Chavez v. Ashcroft*, 362 F.3d 1150, 1155 (9th Cir. 2004) ("[D]ue process requires that aliens receive notice of their deportation hearings that is reasonably calculated to reach them[.]"). We also reject as unsupported Rosas-Hernandez's contention that the agency applied an incorrect legal standard in denying her motion.

The agency did not abuse its discretion in denying Rosas-Hernandez's motion to reopen to apply for relief, where she failed to file all supporting documents and waiver forms with her adjustment of status application; she failed to file an application for VAWA suspension of deportation, with supporting documents; and she failed to file an application for asylum, withholding of removal, and protection under the Convention Against Torture, with supporting documents. *See* 8 C.F.R. § 1003.23(b)(3) ("Any motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents.").

To the extent Rosas-Hernandez challenges the agency's decision not to reopen proceedings sua sponte, we lack jurisdiction to review the agency's discretionary determination. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**