Alvaro **ROMAN–FERNANDEZ;** Pablo **Roman–Henao, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71338.

INS Nos. A27–617–522, A27–617–525.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2001.

Decided July 31, 2001.

---

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Petitioners Alvaro Roman–Fernandez and Pablo Roman–Henao petition for review of the Board of Immigration Appeals' denial of their motions to reopen deportation proceedings to seek suspension of deportation and adjustment of status.[1]

Petitioners' deportation proceedings commenced prior to April 1, 1997. IIRIRA's transitional rules therefore govern their case. *See* IIRIRA, Pub.L. No. 104–208, § 309(a), 110 Stat. 3009, 3009–625 (1996); *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the BIA's interpretation of IIRIRA de novo. *See Ram v. INS,* 243 F.3d 510, 513 (9th Cir.2001). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kon-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We do not consider Petitioners' eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno,* 167 F.3d 1228 (9th Cir. 1999), 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez.*

*stantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999).

Petitioners contend that the BIA erred in construing their "Amendment" as a motion to reopen. According to Petitioners, the "Amendment" was not a new motion, but rather an amendment to their prior, timely-filed motion to reopen alleging an additional avenue of relief, adjustment of status.[2] Petitioners offer no case law or statutory support for such an interpretation. The immigration laws do not provide for amendments that relate back in time to the original motion in order to defeat the statute of limitations. We therefore conclude that the BIA did not err by construing the "Amendment" as a new motion to reopen, rather than as an amendment to their previously-filed motion to reopen.

We hold for two reasons that the BIA did not abuse its discretion by denying Petitioners' motion to reopen. First, Petitioners' motion is procedurally barred. "When the basis of an alien's motion to reopen is that the IJ held a deportation hearing in absentia, the alien must establish 'reasonable cause' for his absence." *Hernandez–Vivas v. INS*, 23 F.3d 1557, 1559 (9th Cir.1994). Petitioners have not established reasonable cause. In fact, they offer no explanation for their failure to appear.

Second, Petitioners' motion to reopen is both time and number barred. Under 8 C.F.R. § 3.2(c)(2), an immigrant may file only one motion to reopen deportation proceedings and he must file it within 90 days of the IJ's final decision or before September 30, 1996. Although we have held that these time and number restrictions may be equitably tolled in cases of fraud or deceit, Petitioners allege neither fraud nor deceit here. *See, e.g., Varela v. INS*, 204 F.3d 1237, 1239–40 (9th Cir.2000); *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999).

PETITION DENIED.

---

2. Although Petitioners indicated in their original motion that they would soon be eligible for adjustment of status, they did not request a reopening on that basis. The BIA therefore did not abuse its discretion in failing to con-

