## MATTER OF HAIM

### In Exclusion Proceedings

A-28593629

*Decided by Board April 11, 1988*

(1) Where an immigration judge conducts an exclusion or deportation hearing in absentia, an alien can move to have the immigration judge reopen the proceedings when the cause of the alien's failure to appear relates to facts not before the immigration judge at the time of his decision.

(2) When the basis for a motion to reopen is that the immigration judge held an in absentia hearing, the alien must establish that he had "reasonable cause" for his absence from the proceedings.

(3) A party seeking to reopen the proceedings must state the new facts which he intends to establish, supported by affidavits or other evidentiary material.

(4) A motion to reopen proceedings will be granted if the alien had reasonable cause for his failure to appear.

EXCLUSION: Act of 1952—Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:  Jose R. Capiro, Esquire
1430 S.W. First Street, Suite 15
Miami, Florida 33135

BY:  Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated December 2, 1987, an immigration judge ordered the applicant excluded and deported from the United States. The applicant has appealed. The appeal will be dismissed.

The record reflects that exclusion proceedings were instituted on April 1, 1987, and notice was sent to the applicant on October 15, 1987, informing her that the exclusion hearing was scheduled for 9:00 a.m. on November 12, 1987, at the Office of the Immigration Judge, 7880 Biscayne Boulevard, 8th Floor, Miami, Florida. The applicant did not appear for the hearing on November 12, 1987, and the immigration judge proceeded with the hearing in absentia, found that she had failed to establish her admissibility, and ordered her excluded and deported from the United States.

On her Notice of Appeal (Form I-290A), the applicant contends that the immigration judge abused his discretion when he found that she failed to establish admissibility by the "mere" reason that she did not appear before the immigration judge. The applicant contends that she should have been given an opportunity to explain why she was not present at the hearing. The applicant requests that her case be remanded to the immigration judge for a new hearing in which she would be given an opportunity to explain why she was absent from the exclusion proceedings. It is not alleged that the appeal is based on facts that were a matter of record at the time of the immigration judge's decision.[1]

The applicant's complaint that she should have been given an opportunity to explain why she was not present for the exclusion hearing is unfounded. Aliens in either exclusion or deportation proceedings do have such opportunities. Where an immigration judge conducts an exclusion or deportation hearing in absentia, an alien can move to have the immigration judge reopen the proceedings when the cause of the alien's failure to appear relates to facts not before the immigration judge at the time of his decision.

A party seeking to reopen exclusion proceedings must state the new facts which he intends to establish, supported by affidavits or other evidentiary material. 8 C.F.R. § 103.5 (1988); *Matter of Leon-Orosco and Rodriguez-Colas*, 19 I&N Dec. 136 (BIA 1983; A.G. 1984). When the basis for a motion to reopen is that the immigration judge held an in absentia exclusion hearing, the alien must establish that he had "reasonable cause" for his absence from the proceedings. *Matter of Nafi*, 19 I&N Dec. 430 (BIA 1987); *cf.* section 242(b) of the Act, 8 U.S.C. § 1252(b) (1982); *Matter of Patel*, 19 I&N Dec. 260 (BIA 1985), *aff'd, Patel* v. *INS*, 803 F.2d 804 (5th Cir. 1986); *Matter of Marallag*, 13 I&N Dec. 775 (BIA 1971) (in absentia deportation hearing). If the alien had reasonable cause for his failure to appear, the motion will be granted; if he did not, the motion will be denied. The alien may take an appeal to the Board if the motion is denied by the immigration judge. *See* 8 C.F.R. §§ 3.1(b), 3.3 (1988).

In the case at bar, the applicant did not move to reopen the exclusion proceedings; rather, she filed an appeal of the immigration judge's decision. In *Matter of Nafi, supra*, we held that when an applicant for admission has notice of his exclusion hearing and fails to appear, the immigration judge may, in his discretion, find that the applicant has failed to establish his admissibility and has aban-

---

[1] The applicant has indicated that she will not submit a separate written brief on appeal.

doned applications for benefits under the Act. We further held that the immigration judge may order the applicant excluded and deported from the United States.

In this case the record reveals that the applicant was sent a notification of the date and place of her exclusion hearing, but she failed to attend the hearing. On the record before the immigration judge, which is the record we review on appeal, the applicant has not established reasonable cause for her absence. In fact, the applicant does not allege that the claimed error by the immigration judge was based on facts of record before him. Therefore, we find that the immigration judge properly conducted the exclusion proceedings in the applicant's absence. *See Matter of Nafi, supra.* The applicant's request that the record be remanded to the immigration judge for a new hearing to explain why she failed to appear is without merit and is denied. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.