53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alfredo ESTRADA-MACIEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70472.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfredo Estrada-Maciel petitions for review of the Board of Immigration Appeals' ("BIA") order which: (1) held that remand of Estrada-Maciel's case for a new hearing was not warranted, and (2) dismissed his appeal from the immigration judge's ("IJ") order to deport him to Mexico. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and deny the petition for review.
 
 
 3
 In his petition for review, Estrada-Maciel contends that the BIA erred by dismissing his appeal from the IJ's order of deportation because: (1) the IJ improperly held his deportation hearing in absentia because he was present outside the courtroom when the hearing was scheduled to begin; and (2) in any event, the IJ should have reopened his case based upon his oral motion.
 
 
 4
 * Background
 
 
 5
 In May 1991, the Immigration and Naturalization Service ("INS") issued Estrada-Maciel an order to show cause ("OSC"), charging Estrada-Maciel with having entered the United States without inspection.
 
 
 6
 On November 5, 1992, a hearing was scheduled to consider Estrada-Maciel's applications for relief from deportation. The hearing was to begin at 1:00 p.m. At 1:15 p.m., the IJ went on record to indicate that neither Estrada-Maciel nor his lawyer had appeared in court. The IJ also indicated that the court interpreter had paged the hallway and the waiting room for Estrada-Maciel and that there was no response.
 
 
 7
 An in absentia hearing was then held at which the IJ found that Estrada-Maciel had abandoned his claims for relief from deportation and ordered him deported to Mexico. The IJ noted for the record and "for any reviewing authority later on," however, that Estrada-Maciel's application for a suspension of deportation showed that he was convicted of manslaughter and served a prison sentence of approximately three years which would disqualify him for the suspension as a matter of law.
 
 
 8
 In addition, the IJ was told by the government attorney that Estrada-Maciel was admitted to the United States as a resident "through amnesty, but his status was terminated on June 7th, 1990, because of his conviction for voluntary manslaughter," and presented with evidence in the form of a certification to that effect. Based on the termination of his status as a legal permanent resident, the IJ concluded that Estrada-Maciel would be ineligible for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c).
 
 
 9
 The deportation hearing concluded at 1:20 p.m. Sometime shortly thereafter, Estrada-Maciel and his attorney arrived at the hearing room. At 1:30 p.m., the IJ went back on record and explained that he had already entered an order of deportation. Thereafter, at least ostensibly, the IJ heard Estrada-Maciel's oral request to vacate his deportation order and consider his case on the merits, referring to this request as a "motion to reopen."
 
 
 10
 The IJ then specifically asked Estrada-Maciel's attorney why they were not in court at 1:00 p.m., to which Estrada-Maciel's attorney responded that there were "a number of urgent matters and the fact that there was some unexpected traffic." After conferring with Estrada-Maciel, Estrada-Maciel's attorney told the IJ that Estrada-Maciel had been outside the hearing room since 1:00 p.m., did not hear his name called, and did not want to enter the courtroom without his lawyer. In addition, Estrada-Maciel's attorney told the IJ that there were other independent witnesses who could confirm that Estrada-Maciel had been outside the hearing room at 1:00 p.m.
 
 
 11
 The IJ then engaged in a colloquy with Estrada-Maciel's counsel, in which the IJ indicated that even if he were to reopen the hearing, Estrada-Maciel was ineligible for any form of relief from deportation because of his manslaughter conviction and because he had not been a lawful permanent resident for seven years. Estrada-Maciel's attorney argued that Estrada-Maciel's particular conviction was not for a crime of moral turpitude and that he had lived in the United States far longer than seven years. After hearing the arguments, the IJ denied Estrada-Maciel's motion to reopen the hearing, and informed Estrada-Maciel's attorney that if he believed that the IJ's decision was incorrect, he could appeal it.
 
 
 12
 Estrada-Maciel appealed directly from the IJ's decision to the BIA, never filing a written motion to reopen proceedings with the IJ or a motion to remand with the BIA, contending that the IJ erred in (1) ordering him deported in absentia, and (2) denying his oral motion to reopen.
 
 
 13
 On May 23, 1994, the BIA on its own motion determined that a remand of Estrada-Maciel's case was not appropriate and dismissed Estrada-Maciel's appeal because: (1) Estrada-Maciel failed to provide new evidence which was unavailable to the IJ at the time of the in absentia hearing which would establish "reasonable cause" for his failure to appear; and (2) there was no evidence in the record to substantiate Estrada-Maciel's claim that he was at the courtroom for the hearing as scheduled. The BIA did not review the IJ's decision denying Estrada-Maciel's oral request to reopen his case, apparently treating his oral motion and the IJ's decision on that motion as a legal nullity.
 
 II
 Standard of Review
 
 14
 We review the BIA decision for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992); Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987).
 
 III
 Merits
 
 15
 A. Whether an In Absentia Hearing Was Properly Held
 
 
 16
 Estrada-Maciel contends that the BIA erred by dismissing his appeal from the IJ's order of deportation because the IJ improperly held his deportation hearing in absentia since he was present outside the courtroom at 1:00 p.m. when the hearing was scheduled to begin. This contention lacks merit.
 
 
 17
 A deportation hearing may be held in absentia if the alien has been given a reasonable opportunity to be present and fails to appear. 8 U.S.C. Sec. 1252(b); INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984).
 
 
 18
 Here, Estrada-Maciel concedes that he had notice of the hearing date and time, and, thus, a reasonable opportunity to be present at the hearing. See Lopez-Mendoza, 468 U.S. at 1038-39. In addition, the record indicates that the IJ did not begin the hearing until 1:15 p.m., after the court interpreter, at the direction of the IJ, paged the hallway and waiting-room for Estrada-Maciel and received no response. Thus, despite Estrada-Maciel's claim to the contrary, the evidence in the record supports the BIA's conclusion that Estrada-Maciel was not at the courtroom for the hearing as scheduled. Consequently, the IJ properly held Estrada-Maciel's deportation hearing in absentia.
 
 B. Estrada-Maciel's Oral Motion to Reopen
 
 19
 Estrada-Maciel contends that the BIA erred by letting stand the IJ's order of deportation. This contention lacks merit.
 
 
 20
 The BIA may remand a case decided in absentia for a new hearing if the alien establishes that he had "reasonable cause" for his absence from the proceedings, Matter of Haim, 19 I. & N. Dec. 641, 642 (BIA 1988), regardless of whether the alien has established prima facie eligibility for the substantive relief sought, Matter of Ruiz, Int.Dec. 3116 (BIA 1989).[1] If an alien seeks to establish reasonable cause on the basis of facts not available to the IJ at the time of the hearing, however, the facts are required to be submitted in writing, and to be supported by affidavits or other evidentiary material. 8 C.F.R. Sec. 103.5; INS v. Wang, 450 U.S. 139, 141 (1981) (per curiam).
 
 
 21
 Here, Estrada-Maciel's motion was based on new facts not before the IJ at the time of the deportation hearing and, thus, the motion should have been in writing, and supported by affidavits or other evidentiary material. 8 C.F.R. Sec. 103.5; Wang, 450 U.S. at 141. In addition, the facts which were in the record at the time of the deportation hearing did not establish "reasonable cause" for Estrada-Maciel's failure to appear at the hearing on time. Therefore, the BIA did not abuse its discretion by finding that he failed to meet his burden based on the record at the time of the hearing.
 
 
 22
 Nonetheless, the IJ did mislead Estrada-Maciel by holding a hearing on the merits of his oral motion to reopen,[2] which the BIA subsequently treated as a legal nullity, and further misled Estrada-Maciel by directing his attorney to appeal from the IJ's decision rather than filing a motion to reopen in the proper form. Given these circumstances, in the exercise of our discretion, we stay our mandate for sixty days from the filing of this memorandum to allow Estrada-Maciel the opportunity to file a motion to reopen in the proper form with the BIA. Within fourteen days of the expiration of this period, each party shall file a status report. If Estrada-Maciel files a motion to reopen, the mandate will be further stayed for such time as is necessary for the BIA's disposition of the motion. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985). If Estrada-Maciel fails to file a motion to reopen within the sixty-day period or fails to file a timely status report, the mandate may issue without further notice.
 
 
 23
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA may, moreover, remand a case for a new hearing on its own motion, as it considered doing, but rejected, here. See 8 C.F.R. Sec. 3.2
 
 
 [2]
 We also note that the IJ did not deny the motion because it did not comply with the applicable regulations, but for the improper reason that Estrada-Maciel had failed to establish eligibility for the relief from deportation which he sought. See Matter of Ruiz, Int.Dec. 3116