57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David Omar RODRIGUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70970.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1995.*
Decided May 26, 1995.
 
 1
 Petition to Review a decision of the Board of Immigration Appeals, INS No. Arm-njw-abq.
 
 BIA
 
 2
 PETITION DENIED.
 
 
 3
 Before: FLETCHER, BRUNETTI and T.G. NELSON, Circuit Judges
 
 
 4
 MEMORANDUM**
 
 
 5
 Petitioner David Omar Rodriguez appeals from an order of the Board of Immigration Appeals denying his motion to reopen his deportation hearing, which was held in absentia after he failed to appear. Rodriguez argues that he is entitled to a new hearing because he established reasonable cause for his failure to appear. We have jurisdiction, 8 U.S.C. Sec. 1105(a), and deny the petition for review.
 
 FACTS
 
 6
 In 1990, Rodriguez, a native and citizen of El Salvador, entered the United States without inspection near San Ysidro, California. In 1992, the INS instituted deportation proceedings, charging that Rodriguez entered the United States without inspection in violation of Section 241(a)(1)(B) of the Immigration and Nationality Act (the "Act"). 8 U.S.C. Sec. 125(a)(1)(B). At the first hearing, on February 9, 1993, Rodriguez conceded deportability. Rodriguez informed the immigration court that he would seek withholding of deportation, asylum, and in the alternative, voluntary departure. Rodriguez claims that he has been in danger as a suspected guerilla since his desertion from the El Salvador military in 1989.
 
 
 7
 The Immigration Judge ("IJ") engaged in the following colloquy with Mr. Rodriguez:
 
 
 8
 Judge: If you choose not to come back I will find abandonment and enter an order deporting you. Do you understand?
 
 
 9
 Rodriguez: Yes.
 
 
 10
 Judge: Only if you are seriously ill or there is a death in the family would you be exempt from coming back, otherwise you will be further ineligible for a period of five years for various forms of relief listed on the form I am serving on both of the parties. Do you understand? Do you understand?
 
 
 11
 Rodriguez: Yes.
 
 
 12
 The IJ set the hearing on Rodriguez's application for relief for May 3, 1993. However, by letter dated March 9, 1993, the IJ notified Rodriguez's attorney of record by certified mail that the hearing had been rescheduled for May 12, 1993. Rodriguez's attorney claims he mailed a letter to Rodriguez on March 12, 1993 notifying him of the date of the rescheduled hearing. Rodriguez claims that he never received this letter. Rodriguez had not changed addresses during this period of time and has no explanation for why he did not receive the letter. Rodriguez had not communicated with his attorney since his first hearing in February. When he appeared at the immigration court on May 3, 1993, the date of the canceled hearing, Rodriguez claims that the IJ's clerk told him that the hearing had been rescheduled and that his attorney had been informed of the new date and would contact him. Rodriguez did not make any attempt to contact his attorney to determine the date of the new hearing and did not appear at the May 12th hearing. His attorney, however, did appear and could not explain why Rodriguez was not present. After waiting nearly an hour-and-a-half for Rodriguez to appear, the IJ ruled as follows:
 
 
 13
 I have reviewed the record. It is very clear that I have notified him of today's hearing date, time and place, also consequences were stated that could ensue, i.e., deportation for failing to appear. No good cause has been presented for such failure, so I will proceed. The allegations of fact were admitted, deportability was conceded, and asylum application was submitted, however, the applicant is not ready ... not present to be examined, so no relief can be considered. I must therefore deny the application for asylum, withholding of deportation, and also order that he be deported to the country of origin which is El Salvador.
 
 
 14
 (ellipsis in original).
 
 
 15
 Rodriguez appealed his deportation to the Board of Immigration Appeals ("BIA"). In an affidavit in support of the appeal, Rodriguez explained his failure to appear as follows:
 
 
 16
 I did not appear at my last scheduled hearing because I did not receive the letter from my attorney informing me of the new date. I had appeared with my attorney on February 9, 1993 and the Immigration Judge told me that my next hearing date was scheduled for May 3, 1993. On May 3, 1993 I appeared at the Immigration court and I did not see my attorney. I then went to the window of the Immigration Judge's office and I was informed by the clerk that my attorney had been informed of the new hearing date and that I would be contacted by my attorney. I then went home and waited for the notice from my attorney. I now realize I made a mistake by not contacting my attorney to ask for information regarding the new hearing date. I am not experienced in matters of law and I did not know what to do.
 
 
 17
 The BIA dismissed the appeal, reasoning as follows:
 
 
 18
 We do not accept the respondent's contention that the reason he did not communicate with his attorney after discovering the hearing had been rescheduled was because he was not "experienced in matters of law and did not know what to do." The respondent had retained paid counsel to represent him before the immigration court and had appeared with counsel at his previous scheduled deportation hearing. The immigration judge informed the respondent that his failure to either file the asylum application or to appear to prosecute it would result in a finding that such application was abandoned. The respondent's failure to communicate with counsel in this important matter had nothing to do with "matters of law." He was simply required to take such interest in his case as to keep abreast of matters affecting his status before the immigration court. Such failure, we find, was not reasonable under the circumstances.
 
 
 19
 Rodriguez filed a timely petition for review before this court.
 
 STANDARDS OF REVIEW
 
 20
 "The denial of a motion to reopen is subject to an abuse of discretion standard." Hernandez-Vivas v. INS, 23 F.3d 1557, 1561 (9th Cir. 1994) (citing INS v. Doherty, 112 S. Ct. 719, 725 (1992)). "But we review de novo the INS's construction of the definition of 'reasonable cause' set forth in Section 242(b) of the Act, 8 U.S.C. Sec. 1252(b)." Id. (citing Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir. 1991)). "The INS's interpretation is, however, entitled to considerable deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984)." Id.
 
 DISCUSSION
 
 21
 Rodriguez claims that the BIA abused its discretion by denying his motion to reopen because he established reasonable cause for his absence from the deportation hearing. We find this claim to be without merit.
 
 
 22
 Section 242(b) of the Act provides in part:
 
 
 23
 If any alien ... without reasonable cause fails or refuses to attend or remain in attendance at [a] proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.
 
 
 24
 8 U.S.C. Sec. 1252(b); see also 8 C.F.R. Sec. 103.5 (1994) (stating standard for motion to reopen generally); 8 C.F.R. Sec. 242.22 (1994) (stating standard for motion to reopen for purpose of making application under Sec. 242.17).
 
 
 25
 "When the basis of an alien's motion to reopen is that the IJ held a deportation hearing in absentia, the alien must establish 'reasonable cause' for his absence." Hernandez-Vivas v. INS, 23 F.3d 1557, 1559 (9th Cir. 1994) (citing In re Hiam, 19 I. & N. Dec. 641 (BIA 1988)). "If the alien has reasonable cause for failing to appear, the motion will be granted; if the alien does not, the motion will be denied." Id.
 
 
 26
 The issue before us is whether the BIA could conclude that Rodriguez acted unreasonably by failing to contact his attorney to ascertain the date of his asylum hearing after learning that the original hearing had been rescheduled.
 
 
 27
 We find Hernandez-Vivas v. INS, 23 F.3d 1557, 1559 (9th Cir. 1994), to be instructive here. After mailing a timely motion for a change of venue, Hernandez-Vivas assumed that the motion would be granted and did not appear for his hearing. 23 F.3d at 1559-60. However, the IJ never received the motion and never communicated with Hernandez-Vivas concerning it; Hernandez-Vivas was deported in absentia. Id. On appeal, the court found no abuse of discretion. Id. The Hernandez court held that the alien had a duty to contact the IJ to determine whether his motion to change venue had been granted. Id.; cf. United States v. Dekermenjian, 508 F.2d 812, 814 (9th Cir. 1974) ("When one voluntarily chooses not to attend a deportation hearing which may affect him adversely, he is hardly in a position to complain [on collateral attack] that an Order made pursuant to the hearing is invalid because of his absence.").
 
 
 28
 Here, too, we conclude that the BIA did not abuse its discretion by denying the petitioner's motion to reopen. Rodriguez needed no special knowledge of the law to contact his attorney to find out when the hearing was to be held. Indeed, inasmuch as Rodriguez had managed previously to engage an attorney and attend the first hearing, he also possessed the requisite skills for this situation. Furthermore, the IJ warned him of the harsh consequences that would follow if he failed to attend the hearing, and the IJ's clerk put him on notice that the hearing had been rescheduled and that his lawyer had been informed of the new date. Given the import of the proceeding, the notice given by the clerk, and the IJ's warning, it appears unreasonable for Rodriguez to rely solely on the clerk's statement that his attorney would contact him. Even Rodriguez admits that this was a mistake. In these circumstances, we find that the BIA could conclude that Rodriguez did not establish "reasonable cause" for his failure to appear. Accordingly, we deny the petition for review.
 
 
 29
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3