79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvaro SALAZAR-PAIZ a.k.a. Alvan Salazar-Paiz, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70556.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1996.*
Decided March 13, 1996.
 
 Before: CANBY, BOOCHEVER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvaro Salazar-Paiz, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from a deportation order. Salazar-Paiz failed to appear as ordered for his continued deportation hearing. The Immigration Judge (IJ) denied Salazar-Paiz's application for asylum and withholding of deportation for failure to prosecute, declined to grant voluntary departure, and issued an in absentia order of deportation pursuant to INA § 242(b), 8 U.S.C. § 1252(b) (1982). In dismissing his appeal, the Board denied Salazar-Paiz a remand so that he reopen his proceedings to seek voluntary departure. Salazar-Paiz now challenges only the latter ruling of the Board. We have jurisdiction under 8 U.S.C. § 1105(a), and we deny Salazar-Paiz's petition.
 
 
 3
 We do not set forth the facts because the parties are familiar with them and they are undisputed. The only issue that we consider is whether Salazar-Paiz's reliance on erroneous advice from his family and friends, and his fear of being deported to El Salvador while peace negotiations were still going on there, established "reasonable cause" for his absence at his December 2, 1991 hearing. See INA § 242(b), 8 U.S.C. § 1252(b) (1982).[1]
 
 
 4
 We review the Board's denial of Salazar-Paiz's motion to remand under an abuse of discretion standard, but review de novo the construction of "reasonable cause" in INA § 242(b). Hernandez-Vivas v. I.N.S., 23 F.3d 1557, 1561 (9th Cir.1994).
 
 
 5
 At the deportation hearing, Salazar-Paiz's counsel told the IJ that he was unable to explain his client's absence. The IJ therefore properly held the hearing in absentia. See id.; see also I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984). On appeal to the Board, Salazar-Paiz requested a reopening to allow consideration of his application for voluntary departure. The Board interpreted his request for reopening as a motion for remand to the IJ for purposes of reopening. The Board pointed out that the showing required for such a remand was the same as the showing required for reopening. See Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987). Because Salazar-Paiz's request was based solely on the fact that his deportation proceeding had been conducted in his absence, he was required to establish that there was "reasonable cause" for his absence. Hernandez-Vivas, 23 F.3d at 1559; Matter of Haim, 19 I & N Dec. 641, 642 (BIA 1988).
 
 
 6
 Salazar-Paiz does not dispute that he had notice of his hearing and that he understood that his presence was required. AR 13. He attested that he feared deportation because of the "ongoing peace negotiations" in El Salvador, and that he relied on the advice of family and friends who told him that he would be deported if he attended the hearing. Id. Salazar-Paiz's only explanation for his absence is that he is "unfamiliar with Immigration laws" and "made the mistake of not consulting with [his] attorney." Id.
 
 
 7
 In light of these facts, and the additional facts that Salazar-Paiz was represented by counsel and had been orally warned by the IJ about the consequences of failing to appear at all of his hearings, we conclude that the Board did not err in ruling that Salazar-Paiz had not established reasonable cause for his absence. See Patel v. I.N.S., 803 F.2d 804, 806 (5th Cir.1986) (alien who did not attend hearing upon advice of his own counsel did not establish reasonable cause); Wijeratne v. I.N.S., 961 F.2d 1344, 1346-47 (7th Cir.1992) (petitioner who failed to appear because she had not received actual notice of her hearing after moving out of state and failing to notify the INS or her representative of her address, and who had filed a motion to change venue, did not establish reasonable cause); Maldonado-Perez v. I.N.S., 865 F.2d 328, 335-36 (D.C.Cir.1989) (reliance on submission of a motion to change venue by an indigent petitioner who moved out of state to be near witnesses, and whose local counsel was out of the country, did not establish reasonable cause). Salazar-Paiz was obliged to attend his hearing despite his fear that it would result in his deportation; the fact that he relied on misguided advice from relatives instead of seeking advice from his attorney does not excuse his failure to appear. The Board correctly determined that Salazar-Paiz did not show reasonable cause for his absence at the hearing, and therefore did not abuse its discretion in denying Salazar-Paiz's motion to remand the case.
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 INA § 242(b), 8 U.S.C. § 1252(b) (1982), the applicable law at the time of Salazar-Paiz's deportation proceedings, has been superseded by subsequent enactments. The I.N.S. concedes that the stricter standard of the superseding sections does not apply to Salazar-Paiz. See 8 U.S.C. §§ 1252(c)(3)(A), (f)(2) (a properly issued in absentia order may be rescinded on motion to reopen only where the alien demonstrates that the failure to appear resulted from "exceptional circumstances" such as illness or death of a family member)