

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2005

# Ngalim v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3401

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ngalim v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1009.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1009

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3401

LIOUS NDZE NGALIM,
                                        Petitioner

v.

ALBERTO R. GONZALES[*], ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,
                                        Respondent

On Petition for Review of an Order of the
Immigration and Naturalization Service
Board of Immigration Appeals
(BIA No. A95-864-228)

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2005

Before: AMBRO, STAPLETON, and ALARCÓN[**], Circuit Judges

(Filed: June 15, 2005)

OPINION

---

[*] Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

[**] Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

ALARCÓN, Circuit Judge

Petitioner Lious Ndze Ngalim, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his motion to reopen *in absentia* removal proceedings.

Mr. Ngalim contends that the BIA erred in affirming the Immigration Judge's ("IJ") conclusion that he forfeited his right to challenge the order of removal by failing to appear at the rescheduled hearing to consider his motion to reopen. We deny the petition because we conclude that the IJ did not abuse his discretion on holding that Mr. Ngalim failed to demonstrate exceptional circumstances excusing his failure to appear at the rescheduled hearing to consider his motion to reopen and rescind the *in absentia* order or removal.

I

Mr. Ngalim filed an application for asylum on August 10, 2002. On January 9, 2003, the INS notified Mr. Ngalim that it was not granting his asylum application and was referring his case to an IJ. The notice was mailed to the address Mr. Ngalim had provided to the INS. This address was the home of a friend. The notice specified that he was to appear before an IJ on February 18, 2004.

Mr. Ngalim concedes that he received the January 9, 2003 notice to appear. The notice advised Mr. Ngalim that he should notify the INS "whenever you change your

2

address." On January 24, 2003, the INS mailed a second notice of hearing in removal proceedings to Mr. Ngalim to the same address which stated that his case had been rescheduled for a master calendar hearing on February 6, 2003. Mr. Ngalim failed to appear for this hearing. The IJ issued an *in absentia* order of removal on this same date. The removal order was mailed to the same address. Mr. Ngalim acknowledges that when he eventually checked his mail, he discovered both the January 24, 2003, notice of hearing and the removal order.

Mr. Ngalim filed a motion to reopen the removal proceedings on February 20, 2004. The IJ denied the motion to reopen on April 27, 2004. On July 21, 2004, the BIA affirmed the denial of the motion to reopen without opinion. Mr. Ngalim filed this timely petition for review on August 20, 2004. We have jurisdiction pursuant to 8 U.S.C. § 1252.

II

Mr. Ngalim contends that the BIA erred in affirming the IJ's finding that he received timely, effective and meaningful notice of his rescheduled hearing and that he failed to demonstrate exceptional circumstances for failing to appear at the rescheduled removal proceedings.

This Court reviews the denial of a motion to reopen for abuse of discretion. *Shardar v. Ashcroft*, 382 F.3d 318, 324 (3d Cir. 2004). "Discretionary decisions of the [Board] will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law." *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994) (quotation omitted). Since the BIA

affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency action. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

The nature of the underlying order in this case further cabins the scope of our review. Specifically, this court's review of removal orders entered *in absentia* is "confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D).

Mr. Ngalim does not dispute that he is removable. Hence, we must determine whether the IJ abused his discretion in concluding that Mr. Ngalim received a valid notice of his removal hearing and that Mr. Ngalim did not establish exceptional circumstances excusing his failure to appear at his removal proceedings.

## A

If an alien fails to attend a removal hearing, the IJ must enter an *in absentia* removal order provided the INS[1] establishes by "clear, unequivocal, and convincing evidence that" written notice was provided in accordance with 8 U.SC. § 1229(a) and "that the alien is removable (as defined in subsection (e)(2) of this section)." 8 U.S.C. §

---

[1] Effective March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security ("DHS"). *Leia v. Ashcroft*, 393 F.3d 427, 430 n.4 (3d Cir. 2005); Homeland Security Act of 2002, Pub. L. 107-296, § 451, 116 Stat. 2135 (2002). Because the INS initiated Mr. Ngalim's removal proceedings, we will refer to the agency as the INS or the "Service."

1229a(b)(5)(A).[2] An *in absentia* removal order may be rescinded only "(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances," or "(ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with [8 U.S.C. §§ 1229(a)(1) or (a)(2)] or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C).

The record does not support Mr. Ngalim's contention that he did not receive timely, effective, and meaningful notice that his removal hearing had been rescheduled. Mr. Ngalim does not dispute that the INS sent him a notice by regular mail on January 24, 2003, indicating that his removal hearing had been rescheduled from February 18, 2004, to February 6, 2003. The notice was mailed to 8 West Brandywine, Claymont, Delaware, 19703, the  address Mr. Ngalim provided on his asylum application and the address that was listed on the notice to appear ("NTA") sent on January 14, 2003. Consistent with the requirements of 8 U.S.C. § 1229(a)(2)(A),[3] the January 24, 2003, notice informed Mr.

___

[2] 8 U.S.C. § 1229a(e)(2) provides that "[t]he term 'removable means (A) in the case of an alien not admitted to the United States, that the alien is inadmissible under section 1182 of this title, or (B) in the case of an alien admitted to the United States, that the alien is deportable under section 1227 of this title." Mr. Ngalim was charged with being removable pursuant to 8 U.S.C. § 1227(a)(1)(A). AR 99.

[3] Under this provision:
> In removal proceedings under section 1229a of this title, in the case of any change or postponement in the time and place of such proceedings . . . a written notice shall be given in person to the alien (or, if personal service is

Ngalim of the consequences of his failure to appear at the rescheduled hearing.

Mr. Ngalim argues that he did not receive proper notice because he "did not even know that the [removal] hearing was taking place." Pet. Br. 12. The record, however, demonstrates that the reason Mr. Ngalim did not know that the hearing was taking place was because he did not check his mail. While Mr. Ngalim offers an excuse for not checking his mail - namely, that he did not live at his mailing address and he assumed his removal hearing would not be rescheduled - this is a far cry from establishing that the notice provided was deficient. *See In re G-Y-R*, 23 I & N Dec. 181, 189 (BIA 2001) ("If . . . the Notice to Appear reaches the correct address but does not reach the alien through some failure in the internal workings of the household, the alien can be charged with receiving proper notice, and proper service will have been effected."). The IJ did not abuse his discretion in finding that Mr. Ngalim received valid notice that his removal hearing had been rescheduled.

B

Mr. Ngalim argues that exceptional circumstances exist in this case because the Service rescheduled his master calendar hearing for a date more than a year before it was

not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying -
      (i) the new time or place of the proceedings, and
      (ii) the consequences under section 1229a(b)(5) of this title of failing, except under exceptional circumstances, to attend such proceedings.

8 U.S.C. § 1229(a)(2)(A).

originally scheduled, giving him only thirteen days notice. Further, Mr. Ngalim asserts that after receiving his work authorization and the NTA, "he had fewer reasons to check his mail as regularly as he did." Pet. Br. 17.

An *in absentia* removal order may be rescinded upon motion "if the alien demonstrates that the failure to appear was due to exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). To establish exceptional circumstances, an alien bears the burden of demonstrating that the alien's failure to appear at the removal hearing was due to "circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).

Although we find Mr. Ngalim's plight sympathetic, according to the plain language of the statute an exceptional circumstance must be one that "is beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). The frequency with which Mr. Ngalim checked his mail was within his control. Mr. Ngalim may have been taken off guard by the INS's rescheduling of his removal hearing, but the statute expressly contemplates that it can take such action provided that it gives the alien proper and timely notice. 8 U.S.C. § 1229(a)(2). Such notice was given in this case. Thus, we conclude that Mr. Ngalim has not meet his burden of demonstrating exceptional circumstances.

### III

Mr. Ngalim's final argument is that assuming he does not meet the requirement for

"exceptional circumstances," he is entitled to reopening of his removal hearing upon a showing that he had a "reasonable cause" for his failure to appear at his removal hearing. We disagree. The "reasonable cause" standard[4] for rescinding *in absentia* deportation orders was superseded in 1992 by the more stringent "exceptional circumstances" standard currently set forth in 8 U.S.C. § 1229a(b)(5)(C)(i).[5] *See* Immigration Act of 1990, 101 P.L. 649, § 545, 104 Stat. 4978, 5061-66 (1990) (enacting 8 U.S.C. § 1252b(c)(3)); Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 104 P.L. 208, § 304, 110 Stat. 3009-589 (1996) (replacing 8 U.S.C. § 1252b(c)(3) with 8 U.SC. § 1229a(b)(5)); *Tang v. Ashcroft*, 354 F.3d 1192, 1194 n.3 (10th Cir. 2003) (describing the evolution of the "exceptional circumstances standard). Since the NTA in this case was served on January 14, 2003, the reasonable cause standard is inapplicable. *See Lahmidi v. INS*, 149 F.3d 1011, 1016-17 (9th Cir. 1998) (holding that the "reasonable cause" standard applies where order to show cause was issued before

---

[4] The "reasonable cause" standard was derived from former 8 U.S.C. § 1252(b), which provided that "[i]f an alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present." *See*, *e.g.*, *Matter of Haim*, 19 I&N Dec. 641, 642 (BIA 1988) (setting forth "reasonable cause" standard and citing former 8 U.S.C. § 1252(b)).

[5] The "exceptional circumstances" standard was formerly embodied in 8 U.S.C. § 1252b(c)(3), which was repealed by IIRIRA. *See generally* IRA J. KURZBAN, IMMIGRATION LAW SOURCEBOOK 295 (9th ed. 2004) (describing history of former 8 U.S.C. § 1252b).

June 13, 1992).[6]

## Conclusion

The petition for review is **DENIED**.

---

[6] We encourage petitioner's counsel to exercise greater care in his legal research in the future. Our job is unnecessarily complicated when counsel cites and discusses a statutory provision that was repealed almost ten years ago as if it were currently in effect. *See* Pet. Br. 20 (citing former 8 U.S.C. § 1252(b)).