**Makand SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 05–0322–ag.**

United States Court of Appeals, Second Circuit.

Dec. 13, 2006.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted automatically for former Attorney General John Ashcroft as the respondent in this case.

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Alan Gershel, Assistant United States Attorney (Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, on the brief), Detroit, MI, for Respondent.

** The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. JOHN G. KOELTL,** Judge.

## SUMMARY ORDER

Makand Singh petitions for review of an order of the Board of Immigration Appeals dated December 23, 2004 summarily affirming an April 12, 2004 order of Immigration Judge Robert D. Weisel ("the IJ") denying Singh's motion to reopen proceedings and rescind an *in absentia* order of exclusion. *In re Makand Singh,* No. A72 474 336 (Dec. 23, 2004), *aff'g* No. A72 474 336 (Immig. Ct. N.Y. City Apr. 12, 2004). We assume the parties' familiarity with the balance of the facts, procedural history, and specification of issues on appeal.

Because the BIA summarily affirmed the IJ's decision, we directly review the IJ's decision. *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's denial of a motion to reopen for excess of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We may find an excess of discretion only where the IJ's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [IJ] has acted in an arbitrary and capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

In denying Singh's motion, the IJ exceeded his discretion by failing to determine whether the agency departed from its own regulation, and whether such departure prejudiced Singh so as to constitute reasonable cause for his failure to

appear. *See Matter of Haim,* 19 I. & N. Dec. 641 (BIA 1988). A regulation in effect at the time Singh was served with the notice to appear required that, if Singh was unable to read or understand the notice, the notice should be read and explained to him, through an interpreter, if necessary. 8 C.F.R. § 235.6(a) (1993). Nothing in the record establishes that the translation ever occurred. Indeed, Singh denied that he understood the form and swore that he did not know that he had to attend his scheduled hearing. Under these circumstances, the IJ should have determined, in accordance with the applicable regulation, whether Singh was unable to read or understand the notice, and if not, whether it was read and explained to him. If the agency failed to follow its own regulation, the IJ should then have determined whether the failure to follow that regulation prejudiced Singh, so as to constitute "reasonable cause" for his failure to appear.

The IJ's failure to do so requires remand. *See generally Singh v. U.S. Dep't of Justice,* 461 F.3d 290, 296–97 (2d Cir. 2006) (holding that BIA departed from an established policy, and thus exceeded its discretion, when its holding contravened its own regulation); *Waldron v. INS,* 17 F.3d 511, 518 (2d Cir.1994) ("[W]here an INS regulation does not affect fundamental rights derived from the Constitution or a federal statute, we believe it is best to invalidate a challenged proceeding only upon a showing of prejudice to the rights sought to be protected by the subject regulation.").

Because we remand on the basis set forth above, we do not address Singh's constitutional claim.

We therefore GRANT the petition, VACATE the BIA's December 23, 2004 order, and REMAND for further proceedings consistent with our decision.