**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN AUGUSTO REYES-ESCOBAR, | Nos. 08-56601 |
| Petitioner, | Agency No. A 71-584-048 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

| | |
|---|---|
| JUAN AUGUSTO REYES-ESCOBAR, | Nos. 08-70918 |
| Petitioner, | Agency No. A 71-584-048 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 5, 2010
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and SEDWICK,[**] District Judge.

Juan Augusto Reyes-Escobar ("Reyes-Escobar") appeals the Board of Immigration Appeals' ("BIA") decision affirming the denial of his motion to reopen his 1994 *in absentia* exclusion order. He also appeals the district court's grant of summary judgment affirming the United States Citizenship and Immigration Services' ("USCIS") determination of his ineligibility for benefits under the settlement agreement in *Am. Baptist Churches v. Thornburg,* 760 F. Supp. 796 (N.D. Cal. 1991) ("ABC Agreement") . We have jurisdiction pursuant to 8 U.S.C. § 1252 and 28 U.S.C. § 1291. We affirm the BIA and district court.[1]

**1.**     To prevail on a motion to reopen, Reyes-Escobar must demonstrate "reasonable cause" for his earlier failure to appear. *Matter of Haim,* 19 I. & N. Dec. 641, 642 (BIA 1988). This court reviews de novo Reyes-Escobar's "reasonable cause" showing. *Hernandez-Vivas v. INS,* 23 F.3d 1557, 1560 (9th Cir. 1994), *but cf. Valencia-Fragoso v. INS,* 321 F.3d 1204 (9th Cir. 2003).

---

[**]     The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

Reyes-Escobar did not demonstrate "reasonable cause" for his failure to appear at his 1994 asylum hearing. The record establishes his awareness of the hearing. His explanation, that he was denied admission to the building due to late arrival, is implausible because the building was open-access. He failed, moreover, to contact the government for ten years after the missed hearing to explain his absence.

2.	Reyes-Escobar is not entitled to administrative closure. He did not request administrative closure at his 1994 hearing, and neither the ABC Agreement nor due process entitled him to administrative closure *in absentia*. *In re Salvador Morales,* 21 I. & N. Dec. 130, 137 (BIA 1996) (en banc); *Am. Baptist Churches,* 760 F. Supp. at 805. The purpose of administrative closure is to allow USCIS the opportunity to determine ABC Agreement benefits eligibility. *Morales*, 21 I. & N. Dec. at 134. Because USCIS has determined that Reyes-Escobar is ineligible, his request for administrative closure is moot.

3.	We review de novo the district court's grant of summary judgment and interpretation of settlement agreements. *Canyon Ferry Road Baptist Church of East Helena, Inc. v. Unsworth,* 556 F.3d 1021, 1027 (9th Cir. 2009); *Sotelo v. Gonzales,* 430 F.3d 968, 970 (9th Cir. 2005).

**4.** We conclude that Reyes-Escobar cannot benefit from the *Fleuti* doctrine. *See Rosenburg v. Fleuti,* 374 U.S. 449, 462 (1963). The *Fleuti* doctrine provides that a legal permanent resident's excursion outside the United States may not interrupt his residency period depending on three factors: (1) the length of the alien's absence; (2) the purpose of the visit; and (3) whether the alien must produce travel documents.

Reyes-Escobar cannot take advantage of the *Fleuti* doctrine for several reasons. First, it is not clear that the doctrine applies to ABC Agreement members because it was developed to benefit legal permanent residents and concerns the interpretation of a section of the Immigration and Nationality Act that is not at issue here. Moreover, because the ABC Agreement contemplates that class members will become ineligible for benefits if they leave the United States and are apprehended upon reentry, *Am. Baptist Churches*, 760 F. Supp at 800, the *Fleuti* doctrine does not appear to apply to ABC Agreement members. Furthermore, even if the *Fleuti* doctrine applied, Reyes-Escobar would not qualify for relief because he chose to leave the country after being denied the requisite travel documents.

**5.** The government did not violate the ABC Agreement by apprehending Reyes-Escobar on reentry. As noted, the ABC Agreement contemplated that members could lose eligibility by leaving the United States. *Am. Baptist Churches,*

760 F. Supp. at 800. Also, contrary to Reyes-Escobar's contention, paragraph 17 of the ABC Agreement, which prohibits the government from "detain[ing]" class members except under limited circumstances, does not preclude the government from *apprehending* class members at point of entry. *See generally Chaly-Garcia v. U.S.*, 508 F.3d 1201, 1203 (9th Cir. 2007) (holding that the ABC Agreement "is a contract and its enforceability is governed by familiar principles of contract law" and that "[c]ontract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself.").

6. Finally, registering as an ABC class member did not vest Reyes-Escobar's ABC benefits. He became ineligible for benefits under Paragraph 2 of the ABC Agreement following his apprehension. *Am. Baptist Churches*, 760 F. Supp. at 800.

Accordingly, the BIA's decision and the district court's grant of summary judgment are **AFFIRMED**.