08-3252-ag (L); 08-4061-ag (Con)
Yu v. Holder

BIA
Hom, IJ
A029 125 873

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT:
>        DENNIS JACOBS,
>                *Chief Judge,*
>        GUIDO CALABRESI,
>        DEBRA ANN LIVINGSTON,
>                *Circuit Judges.*

_____

JHEN SHING YU, aka HERAWAN SANUSI,
aka JIAN XIN YU,
>        *Petitioner,*

>        v.                                08-3252-ag (L);
>                                          08-4061-ag (Con)
>                                          NAC

ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,[1]
>        *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

FOR PETITIONER:          Theodore N. Cox, New York, New York.

FOR RESPONDENT:          Michael F. Hertz, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; Aviva L. Poczter, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these consolidated petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioner Jhen Shing Yu, a native and citizen of the People's Republic of China, seeks review of: (1) the June 24, 2008, order of the BIA denying his appeal of an Immigration Judge's ("IJ's") April 2, 2008, order denying his motion to reopen, *In re Jhen Shing Yu*, No. A029 125 873 (B.I.A. June 24, 2008), *aff'g* No. A029 125 873 (Immig. Ct. N.Y. City Apr. 2, 2008); and (2) the August 8, 2008, order of the BIA denying his subsequent motion to reopen, *In re Jhen Shing Yu*, No. A029 125 873 (B.I.A. Aug. 08, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d

2

Cir. 2005) (per curiam).  There is no dispute that Yu's March and July 2008 motions to reopen were untimely and number-barred because he was ordered excluded *in absentia* in June 1993.  *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered).  However, there is no time limit for motions to reopen either alleging asylum eligibility based on changed country conditions, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), or seeking rescission of an *in absentia* exclusion order based on "reasonable cause" for the failure to appear, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(B).

**I.   Dkt. No. 08-3252-ag (L)**

Motions to reopen *in absentia* orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence.  *See Song Jin Wu v. INS,* 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-,* 22 I. & N. Dec. 349, 353-55 (BIA 1998) (en banc).  Accordingly, when, as here, an alien files a motion that seeks both rescission of an *in absentia* exclusion order, as well as reopening of proceedings based on new evidence, the Court

3

treats the motion as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales,* 462 F.3d 150, 152 n.1 (2d Cir. 2006).

**A.   Motion to Rescind**

In order to reopen exclusion proceedings, an alien must establish that he had "reasonable cause" for his absence from the proceedings.  *See Matter of Haim*, 19 I. & N. Dec. 641, 642 (BIA 1988).  Failure to receive notice can constitute such reasonable cause.  8 C.F.R. § 1003.23(b)(4)(iii).

In his March 2008 motion to reopen, Yu claimed that his attorney never informed him of his hearing because the attorney himself did not receive notice.  The BIA rejected that argument, finding that notice had been properly served by certified mail to the address counsel had provided. Before this Court, Yu does not challenge the BIA's finding that notice to his attorney constituted notice to him.  *See Song Jin Wu*, 436 F.3d at 162 (finding that notice to an alien's attorney of record constitutes notice to the alien). Rather, Yu asserts that his counsel never informed him of his hearing date, which established "reasonable cause" for

4

his absence.  However, as the BIA indicated, Yu's March 2008 motion to rescind did not claim ineffective assistance of counsel.  Instead, Yu argued in that motion that former counsel also never received notice, an argument he has abandoned.  The BIA did not abuse its discretion in denying Yu's March 2008 motion to rescind.  *See id.*

**B.   Motion to Reopen**

**1.   Adjustment of Status**

The BIA also reasonably declined to reopen Yu's proceedings to allow him to pursue adjustment of status.  Under the controlling regulation, 8 C.F.R. § 245.2 (2006), United States Citizenship and Immigration Services ("USCIS") has sole jurisdiction to adjudicate an adjustment of status application, with limited exceptions not relevant here.  Yu relies on our decision in *Sheng Gao Ni v. BIA*, 520 F.3d 125, 130 (2d Cir. 2008), to argue that the agency erred in finding that it lacked jurisdiction over his adjustment of status application.  However, Yu's reliance on *Sheng Gao Ni* is misplaced, because that case involved timely motions to reopen.  *Id.*  Because Yu's motion was untimely, the agency did not err in finding that it lacked jurisdiction to review his adjustment of status application.  *See* 8 C.F.R. § 245.2;

5

*see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

## 2. Changed Country Conditions

The BIA also did not abuse its discretion in finding that Yu failed to demonstrate changed country conditions excusing the time and numerical limitations for filing his motion based on the birth of his two children in the United States. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-274 (2d Cir. 2006); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (per curiam). Yu argues that the BIA failed to properly consider the evidence that he submitted. However, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), and "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Here, the record does not compel the conclusion that the BIA failed to consider the evidence Yu submitted. *See Jian Hui Shao*, 546 F.3d at 169-72 (noting that "[w]e do not ourselves attempt to resolve

6

conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang,* 437 F.3d at 275 (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

**II.  08-4061-ag (Con)**

In some circumstances, under the doctrine of equitable tolling, ineffective assistance of counsel can extend the filing deadline for an alien's motion to reopen. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).  In order to warrant equitable tolling, however, the alien is required to demonstrate that he exercised "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."  *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

The BIA did not act arbitrarily or capriciously in concluding that Yu failed to exercise due diligence because he waited more than fifteen years to file his March 2008

motion to reopen his exclusion proceedings and, further, failed to assert that he received ineffective assistance of counsel until after that motion to reopen had been denied.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk