# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60505
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2017

Lyle W. Cayce
Clerk

JOSE ISABEL HERRERA-LAZO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A093 286 415

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Isabel Herrera-Lazo, a citizen of El Salvador, seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's denial of his motion to reopen seeking to set aside a 1986 order deporting him in abstentia. We decline to disturb the BIA's ruling.

"[M]otions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60505

547, 549 (5th Cir. 2006) (internal quotation marks and citation omitted).  Our authority in this case is circumscribed.  *See* 8 U.S.C. § 1229a(b)(5)(D).  Reviewing for abuse of discretion, we conclude that the BIA's decision must stand because it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

Even liberally construed, Herrera-Lazo's pro se brief posits at best conclusory assertions and points to no record evidence showing that he did not receive notice of his deportation merits hearing or that he is otherwise entitled to reopening. *See Matter of Haim*, 19 I. & N. Dec. 641, 642 (BIA 1988).  Given that Herrera-Lazo's truncated plea for BIA relief rested on conclusory assertions rather than evidence, the BIA's denial of relief cannot be said to be arbitrary, capricious, or irrational.  *See Singh,* 436 F.3d at 487.

PETITION DENIED.